| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Margaret Smith<br>Special Agent: Lewis Brolick | Telephone: (313) 226-9135<br>Telephone: (313) 969-3238 | |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | | |
|---|---|---|
| United States of America<br>v.<br>Demetrious Terell Pegues | Case No. | Case: 2:20−mj−30427<br>Assigned To : Unassigned<br>Assign. Date : 10/15/2020<br>Description: RE: DEMETRIOUS TERELL PEGUES (EOB) |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 15, 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a)(1) | Posession with intent to distribute controlled substances |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Lewis Brolick
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: October 15, 2020

City and state: Detroit, MI

_____
*Judge's signature*

Hon. David R. Grand, Magistrate Judge
*Printed name and title*

# AFFIDAVIT

1. Affiant is a Special Agent (SA) of the United States Drug Enforcement Administration (DEA) and has been employed with the DEA since 2009. Affiant is a law enforcement officer empowered to conduct investigations and make arrests for Violations of Title 21, United States Code.

2. This affidavit is made in support of a an application for a criminal complaint and arrest warrant for **Demeterious Terell PEGUES**, for a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine. This affidavit is based on my personal knowledge obtained from personal observation, review of documents, reports, and information received from other law enforcement agents and subject-matter experts. Because of the limited purpose of this affidavit, I have not set forth all of the information of which I have become aware in the course of this investigation.

3. On the morning of January 15, 2020, investigators established surveillance on a single family residence located at 12xxx Lansdowne Street in Detroit, Michigan. The residence in question was believed to be involved in trafficking kilogram quantities of cocaine.

4. Surveillance units observed a dark blue Jeep Grand Cherokee park in driveway of the residence. Upon parking, a black male adult, subsequently identified as **Demeterious PEGUES**, exited the vehicle and entered the

1

residence via the front entrance. Approximately 4 minutes later, surveillance observed **PEGUES** exit the residence and enter the Jeep Grand Cherokee. Mobile surveillance was maintained on the vehicle as it then departed the area.

5. During a subsequent review of surveillance video, investigators noted that **PEGUES** appeared to place an unknown white item towards the backseat area immediately after entering the vehicle.

6. A short time later, and at the direction of investigators, a Michigan State Police (MSP) K9 unit conducted a traffic stop of the vehicle after it exited Interstate-94 (westbound) near the intersection of Chalmers Street and Linville Avenue in Detroit, Michigan. Prior to the traffic-stop, **PEGUES'** vehicle was observed traveling in excess of 10 mph over the posted 55 mph speed limit.

7. **PEGUES** was identified by the MSP Trooper via Michigan Driver's License as **Demetrious Terell PEGUES** (DOB xx/xx/69). The Trooper noted **PEGUES** was in possession of approximately four (4) cellular phones and appeared nervous. Specifically, **PEGUES'** face was sweating and his hands were shaking. Additionally, **PEGUES** was rapidly trying to dial his cellular phone during the initial contact.

8. The Trooper requested consent to search the vehicle which **PEGUES** denied. The Trooper then deployed his narcotic detection K9. During an exterior sniff

of the vehicle the K9 alerted to a drug odor emanating from within the vehicle. The Trooper then allowed the K9 into the vehicle where the K9 alerted to a white plastic grocery bag which was sitting on a baby-seat (baby-seat was attached to the rear passenger seat of the vehicle). Within the grocery bag the Trooper located two "brick" shaped packages wrapped in foil tape. The packages were found to contain a white powdery substance suspected to be cocaine.

9. The total weight of both packages was determined to be approximately 2.28 kilograms. A subsequent presumptive field test of the substance resulted in a positive test indicating the presence of cocaine.

10. Following the traffic-stop, **PEGUES** was transported to Harper Woods Police Department for questioning. Prior to questioning, **PEGUES** was advised of his Miranda rights as printed on the FBI FD-395 Advice of Rights form which he then signed. During the ensuing interview, **PEGUES** admitted to being in possession of the two kilograms of cocaine which he (**PEGUES**) obtained from the residence on Lansdowne Street in Detroit.

11. **PEGUES** was released from federal prison on November 27, 2019, and on supervised release in this district. (Case 20-cr-20023, J. Drain). The district court issued an arrest warrant for a violation of supervised release, alleging

violations that included the incident described in this affidavit. He is currently in custody on this violation.

12. Based on the aforementioned facts, I submit that probable cause exists to believe that **PEGUES** did knowingly, intentionally and unlawfully possess with intent to distribute a controlled substance, namely cocaine, in violation of Title 21, United States Code, Sections 841 (a)(1).

I declare under penalty of perjury the foregoing to be true and correct to the best of my knowledge and belief.

_____
Special Agent Lewis Brolick
Drug Enforcement Administration

_____
United States Magistrate Judge
Eastern District of Michigan

October 15, 2020

4